Edna E. Hollihan
vs.
Narragansett Electric Lighting Co.
and
Nathaniel T. Bacon

Eq. No. 246

November 30 1925

TANNER, P. J. This is a bill in equity and is heard upon exceptions to the answer, demurrer to the answer and demurrer to the intervening petition of the South County Public Service Company.

This bill is brought against the Narragansett Electric Lighting Company and Nathaniel T. Bacon. The bill alleges that the Narragansett Electric Lighting Company has two deeds of the right of way of the Sea View Railroad Corporation one from the Sea View Railroad Corporation and one from Nathaniel T. Bacon, who purchased the Sea View Railroad Company. The bill asks to have these two deeds declared void. It also asks that the Narragansett Electric Lighting Company may be enjoined from trespassing on the complainant's land and that the complainant's land be freed from all servitudes, easements and rights of way, and that the Narragansett Electric Lighting Company be ordered to remove its poles and wires.

The complainant excepts to the various paragraphs of the respondent's answer upon the ground that it neither admits nor denies the allegations of the bill, nor does said answer deny any knowledge or information sufficient to form a belief as to the truth of the allegations of the bill, and because it affirmatively appears from the answer that the respondent has knowledge as to some of the allegations of the bill.

The exceptions upon this ground are sustained.

In the sixteenth paragraph of the answer respondent, answering in the nature of a cross bill, alleges that the complainant is the mere holder of

the dry legal title to the land named in the bill, and prays that the complainant be required to make answer hereto and show cause why the suit should not be dismissed against this respondent for lack of any interest therein on her part.

We think the demurrer to this paragraph should be sustained only insofar as it claims to be a cross bill. We think the matters set up are matters in bar and that the paragraph should be treated merely as an answer.

Answering in the nature of a cross bill, respondent, in the 17th paragraph of its answer, alleges that the Narragansett Pier Electric Light & Power Company purchased of the predecessor in title of the complainant a triangular piece of land in fee simple, which piece of land abuts upon the right of the Sea View Railroad Company, and that said Narragansett Pier Electric Light & Power Co. purchased said parcel of land for the express purpose of erecting and maintaining a sub-station thereon, together with transformers and other electrical appurtenances, and connected same with a line of wires extending along the said right of way of the Sea View Railroad Company within the so-called Albert Robinson Farm, and that George P. Robinson, predecessor in title of the complainant, intended by said deed to convey, together with said triangular parcel a right and easement to conduct electricity to and from the said sub-station, transformers and other electrical appurtenances by means of a line of poles and wires extending along the said right of way, and that this respondent by arrangement with the said Narragansett Pier Electric Light & Power Company erected along the greater part of said right of way up to said triangular parcel of land a line of poles with high tension wires and transformers and has ever since delivered electricity to said sub-sta-

tion which the said Narragansett Pier Electric Light & Power Company has transmitted to various customers over a line of poles and wires erected by it on said right of way from said triangular parcel.

Upon examination of the authorities, we are of the opinion that such state of facts might create an implied easement to the said Narragansett Pier Electric Light & Power Company, in the exercise of which easement the defendant, the Narragansett Electric Lighting Company, might operate to supply the power to said owner of said easement.

We think upon the facts stated in said answer, the use of said easement has been located, at least, by acquiescence, and may be maintained notwithstanding the abandonment of the railroad location by the Sea View Railroad Company.

19 C. J., page 972, Sec. 212 (3) location of ways of necessity; also on same page, Sec. 213, location by agreement of parties.

We think, therefore, that these allegations of the answer should be treated as being by way of answer rather than by way of cross bill. We do not think that the respondent can be heard to ask for injunction to protect the rights of the Narragansett Pier Electric Light & Power Company and its successor in the exercise of said easement beyond the use of said easement as exercised by the respondent company and to this extent only the demurrer is sustained.

The South County Public Service Company, successor of the Narragansett Pier Electric Light & Power Company, has filed an intervening petition to which a demurrer is heard.

We do not think that the petition to intervene should be allowed. It asks for relief entirely independent of the scope of the complainant's bill and, we think, should be made the basis of an independent original bill.

For Complainant: Greenlaw, Tilley

& Felton.

For Respondents: Henshaw & Sweeney, John W. Baker & James D. Watts.